## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DORL HOLDREN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1124** (BOR Appeal No. 2050446)
                            (Claim No. 2011022627)

**BON TON DEPARTMENT STORES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Dorl Holdren, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bon Ton Department Stores, Inc., by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2015, in which the Board affirmed an April 9, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 27, 2014, decision which denied a request to add teeth as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Holdren, a sales person, was injured in the course of her employment on January 3, 2011, when she fell. Treatment notes from St. Francis Hospital indicate she fell face forward at work that day and suffered a facial contusion and lacerations to the right side of her face. She was given stitches and placed off of work for the rest of the week. Ms. Holdren was treated by her dentist, Timothy Spears, D.D.S., two days later. His treatment note indicates she had soreness in her jaw while chewing.

1

Paul Bachwitt, M.D., performed an independent medical evaluation of Ms. Holdren on April 8, 2014. He noted that she reported left shoulder pain as well as pain and numbness in both hands and a knot on her left knee with intermittent pain. Dr. Bachwitt diagnosed strain of the left shoulder, wrists, and left knee. He found Ms. Holdren required no further treatment and had reached maximum medical improvement. On May 27, 2014, the claims administrator denied a request to add teeth as a compensable component of the claim. It stated the allowed conditions in the claim were right eye/head laceration, bilateral wrist sprains, left knee sprain, and left shoulder sprain.

Dr. Spears prepared a medical statement on September 3, 2014, stating that he is Ms. Holdren's treating physician and based upon his examination, temporomandibular joint therapy, bridgework, root canal, temporomandibular joint splint extractions, and associated exams are causally related to her compensable injury. He asserted that her fall caused her dental appliances to break, requiring restoration. He stated the fall also injured her temporomandibular joint, requiring splinting and therapy.

Ms. Holdren testified in a deposition on September 24, 2014, that she saw Dr. Spears two days after her compensable injury because she was concerned about her teeth. She stated that they felt "funny". At that time, he examined her jaw and teeth. She stated that she had bridgework completed before the compensable injury.

The Office of Judges affirmed the claims administrator's decision in its April 9, 2015, Order. After reviewing the evidence, the Office of Judges determined that it is more likely than not that Ms. Holdren did not injure her teeth as a result of the compensable injury. It found that she was treated by Dr. Spears two days after the injury occurred and he did not document any findings regarding her dental condition. He simply noted that she had tenderness while chewing. Further, she did not report problems with her teeth until well over three years after her compensable fall. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 26, 2015.

After review, we agree with the reasoning of the Office of Judges as affirmed by the Board of Review. Ms. Holdren did not report to the emergency room, Dr. Spears, or Dr. Bachwitt that she injured her teeth during the compensable injury. No mention of broken bridgework or a temporomandibular joint related injury was made until three years and eight months after the fall occurred. A preponderance of the evidence indicates her dental conditions are not related to her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker